UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE SUAREZ-GARCIA,

      Plaintiff,

      v.

WARDEN FLORIDA SOFT SIDE
SOUTH,  DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
MIAMI FIELD OFFICE,
SECRETARY OF THE U.S.
DEPARTMENT OF HOMELAND
SECURITY,  ATTORNEY
GENERAL OF THE UNITED
STATES,

      Defendants,

Case No. 2:26-cv-687-KCD-DNF

## **ORDER**

Petitioner Jose Suarez-Garcia is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and most recently an emergency motion for temporary restraining order (Doc. 11).[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from the United States while his habeas petition is pending. According to Suarez-Garcia, without this pause button, the Government is likely to whisk him away and deprive him of a chance to litigate this case. (*Id.* at 2.) He also asks for an order directing the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Government to cease coercive efforts at deportation (like forcing his fingerprints) and allow him access to counsel. (*Id.* at 7.)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

The Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Suarez-Garcia—executing removal orders. *Reno v. Am.-Arab*

2

*Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021). "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Because § 1252(g) removes this Court's power to act, Suarez-Garcia's request to enjoin removal from the United States must be denied. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

Suarez-Garcia's other request also falls short. Injunctive relief is never a matter of right. It is, as the Eleventh Circuit has said, an "extraordinary

3

and drastic remedy." *Wreal, LLC*, 840 F.3d at 1247. For that reason, the law places the burden squarely on the party seeking relief. The movant must "clearly establish" the need for injunctive relief. *Id.*

But look at what Suarez-Garcia has provided here. Or rather, look at what he hasn't. The motion is entirely devoid of any sworn declaration. Instead, counsel openly acknowledges that these serious allegations of coercion and deprivation of counsel are presented strictly "upon information and belief." The claims are based entirely on second-hand statements relayed through a family member's phone call. (Doc. 11 at 4.)

That simply will not do. A federal court cannot deploy an extraordinary equitable remedy based on a game of telephone. Because the motion lacks sworn affidavits, verifiable evidence, or any factual substantiation of the alleged constitutional harms, Suarez-Garcia has failed to meet his heavy burden of persuasion. Consequently, his request for an order regarding access to counsel and the Government's alleged coercive efforts must also fail.

Accordingly, Suarez-Garcia's Emergency Motion for TRO and Stay of Removal (Doc. 11) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on April 3, 2026.


Kyle C. Dudek
United States District Judge