UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE SUAREZ-GARCIA,

      Plaintiff,

    v.

WARDEN FLORIDA SOFT SIDE
SOUTH,  DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
MIAMI FIELD OFFICE,
SECRETARY OF THE U.S.
DEPARTMENT OF HOMELAND
SECURITY,  ATTORNEY
GENERAL OF THE UNITED
STATES,

      Defendants,

Case No. 2:26-cv-00687-KCD-DNF

## ORDER

Petitioner Jose Suarez-Garcia has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 21-29.) He also accuses the Government of obstructing his access to counsel by blocking confidential attorney-client communications. (*Id.* at 29-31.) Respondents oppose the petition. (Docs. 9, 14.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Suarez-Garcia, a Spanish citizen born in Venezuela, arrived in the United States under the Visa Waiver Program ("VWP"). His authorized stay was brief—set to expire on June 7, 2021—but rather than departing, he remained in the country and sought to establish a lawful foothold. Later that year, he applied for asylum. And in April 2025, he successfully obtained Temporary Protected Status. Although his TPS was short-lived—terminated by a Federal Register Notice in November 2025—he continued to live in Florida. That routine came to an abrupt halt on February 8, 2026, when ICE agents arrested him in Miami and placed him in immigration custody.

Suarez-Garcia promptly sought release, but an immigration judge denied his bond request for lack of jurisdiction, reasoning that VWP overstays are categorically ineligible for custody redeterminations. (Doc. 9-4.) This habeas petition followed, claiming that his prolonged detention without an individualized bond hearing offends both statutory and constitutional commands. (Doc. 1.)

To support Suarez-Garcia's detention without bond, the Government first invokes 8 U.S.C. § 1231. (Doc. 14 at 4.) Because an administrative removal order has been issued, the Government proffers that § 1231(a) dictates mandatory detention. This argument is a nonstarter. Section 1231(a) governs detention only during the statutory "removal period," which triggers when a removal order is final and presently executable. But Suarez-Garcia

has a pending, unadjudicated asylum application. (*See* Doc. 9-1 at 2.) "Because the administrative proceeding to determine [his] removability is ongoing, he is not subject to an administratively final removal order." *Nardella Mago v. Rogers*, No. 2:26-CV-00278-SPC-NPM, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). "Rather, he is detained pending a decision on whether [he] is to be removed from the United States." *Id.*

The Government then retreats to its secondary line of defense: 8 U.S.C. § 1187(c)(2)(E). (Doc. 9 at 4.) This argument fares no better. To put it bluntly, that provision does not authorize detention at all. *See Rocha v. Noem*, No. CV H-25-6032, 2026 WL 1383350, at *2 (S.D. Tex. May 18, 2026). Since § 1187(c)(2)(E) does not speak to detention, "it does not authorize detention generally or to [Suarez-Garcia] in particular." *Nicolas T. v. Noem*, No. 1:25-CV-313, 2026 WL 1010750, at *1 (S.D. Tex. Mar. 30, 2026). "This is the same conclusion reached by other district courts on the rare occasions this statute was invoked for this purpose." *Id.*

Suarez-Garcia's "detention is [instead] governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at *2. Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Suarez-Garcia seeks his immediate release from custody. (Doc. 1 at 31.) But that is not something the Court will do. "[Section] 1226(a)(1) grants the

executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Suarez-Garcia is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Suarez-Garcia also seeks relief under the Fifth Amendment, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Suarez-Garcia with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Finally, Suarez-Garcia's complaints about access to counsel—specifically, that the detention facility has effectively isolated him by listing incorrect contact information and forcing him to use monitored lines—run headfirst into a fundamental mismatch of remedy. Stripped of its constitutional paint, this grievance is about the *conditions* of his confinement, not the *fact* or *duration* of it. And as a matter of well-settled law, habeas

4

corpus is simply not the right tool for that job. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015). Because a court cannot open the jailhouse gates just to cure an administrative defect in visitation procedures, habeas is not the appropriate remedy for these claims. *Id.*

For these reasons, Suarez-Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Suarez-Garcia with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 19, 2026.

Kyle C. Dudek
United States District Judge

5